# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN H. THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>BROWN, et al.,<br><br>        Defendants. | Case No. 1:13-cv-00909 AWI DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Melvin H. Thomas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 3, 2013. The action was transferred to this Court on June 14, 2013. Plaintiff names California Governor Edmund G. Brown, Jr., California Department of Corrections and Rehabilitation Director Jeffrey Beard, and the Honorable Mark Cope as Defendants.

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS[1]**

Plaintiff is currently incarcerated in Corcoran State Prison in Corcoran, California.

Plaintiff's complaint is based on his contention that under Brown v Plata, the California prison system remains overcrowded and violates his Eighth Amendment rights.  He alleges that Defendant Brown has refused to comply with the Supreme Court's directive to reduce California's inmate population.

Plaintiff alleges that Defendants Brown and Beard knew that California's prison system were overcrowded and in violation of the Eighth Amendment based on the Supreme Court's decision in Brown v. Plata.[2]  He contends that they implemented and perpetrated systems, customs, policies and

---

[1] Along with his complaint, Plaintiff also filed a Motion to File a Supplemental Statement of Facts, and a Supplemental Statement of Facts.  The Court construes these filings as Plaintiff's complete complaint.

[2] Plaintiff also references Coleman v. Brown, a federal class action relating to mental health care provided by CDCR, though there are no allegations related to his mental health treatment.

2

practices that have violated Plaintiff's Eighth Amendment rights since May 3, 2004, the date he was sentenced.

Plaintiff further alleges that Riverside County Superior Court Judge Cope, his sentencing judge, abused his discretion by knowingly sentencing Plaintiff to a prison system that was in violation of the Eighth Amendment. He contends that his Eighth Amendment rights have been violated and that his sentence was unauthorized (because a court cannot order the violation of constitutional rights) and requires reversal. He also faults Defendant Cope for failing to consider alternative sentences.

Plaintiff states that Corcoran State Prison, where he is incarcerated, is one of the facilities in violation of Brown v. Plata.

As relief, Plaintiff requests (1) punitive damages in the amount of $100,000,000; (2) that he be immediately released from prison; (3) that his entire criminal history be "pulled and destroyed;" and (4) that all of his rights of citizenship be restored.

## C. ANALYSIS

### 1. Overcrowding under the Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment. See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir.1989); see also Rhodes v. Chapman, 452 U.S. 337, 348-49, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981) (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. See Balla, 869 F.2d at 471; Hoptowit v. Ray, 682 F.2d 1237, 1248–49 (9th Cir.1982) (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Plaintiff has failed to state an Eighth Amendment claim because his allegation that the ongoing Plata litigation entitles him to, among other things, punitive damages and release from prison is wholly conclusory and has no legal basis. The remedial decree in Plata to reduce prison populations does not create a substantive right for purposes of a civil rights action. See Hooker v. Kimura–Yip, 2012 WL 4056914, at *3 (E.D.Cal. Sept.14, 2012) (finding that remedial orders in Plata did not provide "independent cause of action" under § 1983 because they did not "have the effect of creating or expanding plaintiff's constitutional rights"); Yocom v. Grounds, 2012 WL 2254221, at *6 (N.D.Cal. June 14, 2012) (same). Moreover, even though the Supreme Court affirmed the remedial order setting the benchmark at 137.5 percent, it emphasized that state officials

4

have discretion in the "means" of complying with that order and are free to seek its modification. See Plata, 131 S.Ct. at 1928, 1941.

Indeed, as of the filing of this Order, litigation is still pending in the district court. Most recently, the state was granted an additional two years, until February 28, 2016, to reduce the prison population.

Thus, Plata by itself does not provide any substantive right on which Plaintiff can rely. In any event, Plata does not stand for the proposition that federal district courts can order state officials to release specific prisoners. See Nagast v. Dep't of Corr., 2012 WL 1458241, at *3 (C.D.Cal. Feb. 28) (dismissing with prejudice claim seeking to compel court to release plaintiff based on Plata because only three-judge court has statutory authority to make such decisions) (citing Plata, 131 S.Ct. at 1922), accepted by 2012 WL 1463317 (C.D.Cal. Apr.26, 2012).

Insofar as Plaintiff contends Corcoran State Prison is overcrowded under Plata, this does not remedy the deficiency. Although Plaintiff states that his place of confinement is overcrowded, he does not allege any specific constitutional deprivations resulting from the alleged overcrowding. See Balla, 869 F.2d at 471.

2.  Equitable Relief

A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892–93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."). However, a plaintiff may pursue equitable relief that goes beyond that which is covered by the class action. See Crawford, 599 F.2d at 893 (reversing district court's dismissal of plaintiff's claims for relief that were not included in a class action challenging overcrowding); accord, McNeil, 945 F.2d at 1166 n. 4 ("class members may bring individual actions for equitable relief when their claims are not being litigated within the boundaries of the class action").

When reviewing claims for equitable relief brought by prisoners who are members of the Coleman and/or Plata class, a number of district courts have concluded that an individual class

5

member may proceed with a separate action for equitable or injunctive relief if he seeks relief that is specific to his medical needs and the circumstances of his incarceration, rather than the broad, systemic relief targeted by those actions. See, e.g., Burnett v. Dugan, 618 F.Supp.2d 1232, 1236-37 (S.D.Cal.2009) (granting preliminary injunction requiring defendants to adhere to chronos for plaintiff's medically-indicated housing needs because he was not seeking "relief on behalf of all the other inmates in the CDCR," nor "broad based reform of the CDCR's medical practices which is the subject of the Plata litigation," but, rather, relief that was "quite narrow and specific" to him).

Here, Plaintiff makes no claims that are specific to *his* incarceration. As there is no indication that Plaintiff seeks relief other than that provided by the class action(s), he appears barred from maintaining a separate suit for equitable relief.

### 3. Defendant Cope

Plaintiff sues Defendant Cope for sentencing him despite knowing that state prisons were overcrowded. Because Defendant Cope is sued for actions he took in a judicial proceeding- sentencing Plaintiff- he is absolutely immune from suit for money damages. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.").

## D. **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983. Though unlikely that Plaintiff can correct the deficiencies identified above, the Court will provide Plaintiff with **one opportunity** to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **February 14, 2014**              /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE