# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN H. THOMAS, | Case No. 1:13-cv-00909 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT |
| v. | |
| BROWN, et al., | **THIRTY-DAY DEADLINE** |
| Defendants. | |

Plaintiff Melvin H. Thomas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 3, 2013.  The action was transferred to this Court on June 14, 2013.

On February 14, 2014, the Court screened Plaintiff's complaint and dismissed it with leave to amend.  Plaintiff filed his First Amended Complaint ("FAC") on March 10, 2014.  Plaintiff names California Governor Edmund G. Brown, Jr., California Department of Corrections and Rehabilitation Director Jeffrey Beard, and the Honorable Mark Cope as Defendants.

## A.    <u>LEGAL STANDARD</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS[1]**

Plaintiff is currently incarcerated in Corcoran State Prison in Corcoran, California.

Plaintiff's FAC is based on his contention that under Brown v. Plata and related litigation, the California prison system remains overcrowded and violates his Eighth Amendment rights.  He alleges that Defendant Brown has refused to comply with the Supreme Court's directive to reduce California's inmate population, and has enforced an "unauthorized sentence in violation of California appellate law. . ."  ECF No. 9, at 11.

Plaintiff contends that Defendant Brown implemented and perpetrated systems, customs and policies that violate Plaintiff's Eighth Amendment rights, and has enforced Plaintiff's unauthorized

---

[1] Plaintiff's allegations have remained substantially the same.

sentence.  Plaintiff states that he does not seek to negate the validity of his sentence, but he believes that his sentence is moot and unauthorized under both federal and state law.  Plaintiff contends that the violations of the Eighth Amendment impose additional, post-sentence punishment in violation of the Eighth Amendment.

Plaintiff alleges that he has been severely affected by the "medical and mental health issues on-going in the California system."  ECF No. 9, at 14.  In his attached declaration, he states that he contracted tuberculosis in May 2004 and received treatment.  In January 2005, while incarcerated at Pleasant Valley State Prison, Plaintiff was diagnosed with Valley Fever, though he wasn't diagnosed until he was "well on the way to recovery."  ECF No. 9, at 27.  Plaintiff states that he suffered permanent scarring of his lungs as a result.  Plaintiff also contends that he has suffered numerous denials of his religious rights.

Plaintiff further alleges that Defendant Cope failed to explore a wide-range of sentencing options as ordered by Brown v. Plata, and therefore acted outside the scope of his judicial function in imposing a sentence that violated Plaintiff's federal rights.  He contends that Defendant Cope should have known about the ongoing overcrowding that was at least seven years old at the time of Plaintiff's sentencing.

As to Defendant Beard, Plaintiff alleges that he implemented and perpetrated systems, customs and policies that violate Plaintiff's Eighth Amendment rights.  Plaintiff contends that he knew of the "constitutional atrocities" occurring in the California prison system and willfully failed to reduce overcrowding.

For relief, Plaintiff requests (1) that the Court find that his sentence is unauthorized, unenforceable and moot; (2) $100,000,000 in damages from Defendants in their individual capacities; (3) that he be released from prison; and (4) that his criminal records be "pulled and destroyed."  ECF No. 9, at 21.

3

**C.**    **ANALYSIS**

1.    Overcrowding under the Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment.  See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir.1989); see also Rhodes v. Chapman, 452 U.S. 337, 348-49, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981) (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment).  An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced

the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. See Balla, 869 F.2d at 471; Hoptowit v. Ray, 682 F.2d 1237, 1248–49 (9th Cir.1982) (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Plaintiff has failed to state an Eighth Amendment claim because his allegation that the ongoing Plata litigation entitles him to, among other things, punitive damages and release from prison is wholly conclusory and has no legal basis. The remedial decree in Plata to reduce prison populations does not create a substantive right for purposes of a civil rights action. See Hooker v. Kimura–Yip, 2012 WL 4056914, at *3 (E.D.Cal. Sept.14, 2012) (finding that remedial orders in Plata did not provide "independent cause of action" under § 1983 because they did not "have the effect of creating or expanding plaintiff's constitutional rights"); Yocom v. Grounds, 2012 WL 2254221, at *6 (N.D.Cal. June 14, 2012) (same). Moreover, even though the Supreme Court affirmed the remedial order setting the benchmark at 137.5 percent, it emphasized that state officials have discretion in the "means" of complying with that order and are free to seek its modification. See Plata, 131 S.Ct. at 1928, 1941.

Indeed, as of the filing of this Order, litigation is still pending in the district court. Most recently, the state was granted an additional two years, until February 28, 2016, to reduce the prison population.

Thus, Plata by itself does not provide any substantive right on which Plaintiff can rely. In any event, Plata does not stand for the proposition that federal district courts can order state officials to release specific prisoners. See Nagast v. Dep't of Corr., 2012 WL 1458241, at *3 (C.D.Cal. Feb. 28) (dismissing with prejudice claim seeking to compel court to release plaintiff based on Plata because only three-judge court has statutory authority to make such decisions) (citing Plata, 131 S.Ct. at 1922), accepted by 2012 WL 1463317 (C.D.Cal. Apr.26, 2012).

1   The Court explained this to Plaintiff in the prior screening order.  In an attached declaration,

2   Plaintiff attempts to cure the deficiency by alluding to the alleged impacts of the overcrowding.

3   Such impacts include a tuberculosis diagnosis for which he received treatment, a Valley Fever

4   diagnosis for which he received treatment, and various deprivations of his religious rights.

5   However, these alleged deprivations are not the "extreme deprivations" sufficiently serious to

6   constitute an Eighth Amendment violation.  Hudson, 503 U.S. at 8-9.

7   Plaintiff cannot state a claim under the Eighth Amendment.[2]

8       2.   Defendants Brown and Beard

9   Supervisory personnel may not be held liable under section 1983 for the actions of

10  subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister,

11  734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d

12  1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013);

13  Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be

14  liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a

15  sufficient causal connection between the supervisor's wrongful conduct and the constitutional

16  violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks

17  omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory,

18  supervisory liability exists even without overt personal participation in the offensive act if

19  supervisory officials implement a policy so deficient that the policy itself is a repudiation of

20  constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977

21  (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

22  Insofar as Plaintiff attempts to hold Defendants Brown and Beard liable for his alleged

23  medical issues and/or the alleged denial of his religious rights, Plaintiff cannot do so.  He makes no

24  allegations that either Defendant Brown or Beard was personally involved in the alleged

25

26

27  _____

[2] In his FAC, Plaintiff cites to two cases in which the plaintiff made similar allegations and the Ninth Circuit ultimately accepted the appeal and permitted briefing.  First, neither of those cases is binding on this Court.  Second, the Court

28  notes that at least in one case, the plaintiff alleged that he suffered numerous specific violations, rather than generalized harms caused by overcrowding.  Peyton v. Brown, 5:13-cv-00424-RGK-JPR (C.D. Cal); Rouse v. Brown, 4:13-cv-01020-PJH (N.D. Cal.).

deprivations, or knew of the alleged deprivations and failed to remedy them.  There is simply no causal connection between Defendants and Plaintiff's alleged deprivations.

Plaintiff is also unable to state a claim against Defendants Beard and Brown based on their alleged failure to remedy overcrowding because, as explained above, Plata does not provide a private right of action under section 1983.

3.     Defendant Cope

Plaintiff sues Defendant Cope for sentencing him despite knowing that state prisons were overcrowded.  He also alleges that Defendant Cope violated his Eighth Amendment right by failing to consider alternative sentences.  Because Defendant Cope is sued for actions he took in a judicial proceeding- sentencing Plaintiff- he is absolutely immune from suit for money damages.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.").

Although Plaintiff argues in his FAC that Defendant Cope acted outside of the scope of his judicial authority is therefore not entitled to immunity, he is incorrect.  While Plaintiff may now believe that his sentence was unauthorized, the fact remains that the act of sentencing is an act performed under judicial authority.

Plaintiff cannot state a claim against Defendant Cope for monetary damages.

4.     Equitable Relief

Insofar as Plaintiff seeks a release from prison, such relief is not available in a section 1983 action, regardless of how Plaintiff characterizes the nature of the relief sought.

To the extent he challenges the "fact or duration of his confinement," he must file a habeas petition, not a civil rights action.  See Wilkinson v. Dotson, 544 U.S. 74, 78-79 (2005) (noting that seeking "immediate release from prison" or any "shortening of . . . term of confinement" challenges duration of one's confinement (internal quotation marks and citation omitted)); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); cf. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

1    Additionally, if Plaintiff is a class member of the <u>Plata v. Brown</u> or <u>Coleman v. Brown</u>

2  litigation, which is unclear from the FAC, he likely cannot separately file an individual suit based on

3  the same subject matter as either of those cases.  See <u>Crawford v. Bell</u>, 599 F.2d 890, 892–93 (9th

4  Cir.1979) (as amended) (noting that dismissal of claim proper if "previously certified class action

5  was still pending which raised the same issue and included all of the members of [plaintiff's] class");

6  <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1165 (10th Cir.1991) ("Individual suits for injunctive and

7  equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an

8  existing class action ."); <u>see also</u> <u>Reece v. Basi</u>, No. 2:ll–cv–2712 GEB AC, 2013 WL 1339048, at

9  *4–5 (E.D.Cal. Apr. 3, 2013) (denying plaintiff's request for "system-wide injunctive relief over

10  matters within the scope of the <u>Plata</u> litigation" because he is member of <u>Plata</u> class).

11    Thus, Plaintiff has failed to show that he is entitled to any injunctive relief.

12  **D.**    **<u>RECOMMENDATION</u>**

13    For the reasons noted above, Plaintiff's FAC fails to state a claim for which relief may be

14  granted.  In the prior screening order, the Court permitted an opportunity to amend, though it was

15  unclear whether he could do so.  It now appears that he cannot amend his complaint to correct any of

16  the identified deficiencies, and further leave to amend is not warranted.  <u>Akhtar v. Mesa</u>, 698 F.3d

17  1202, 1212-13 (9th Cir. 2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

18    Based on the foregoing, the Court HEREBY RECOMMENDS dismissal of this action for

19  failure to state a claim for which relief may be granted.

20    These Findings and Recommendations will be submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

22  days after being served with these Findings and Recommendations, Plaintiff may file written

23  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 13, 2014**                                     /s/ Dennis L. Beck
                                                                 UNITED STATES MAGISTRATE JUDGE